FILED BY ____

2001 APR 4 PM

CLERK
S.D. OF FLA-FTL

**01-8283**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA **CIV - FERGUSON**

MAGISTRATE JUDGE
SORRENTINO

HARRY SHUSTER,

    Petitioner,

-versus-

UNITED STATES,

    Respondent.

_____/

CASE NO.: 98-8008CR

FEDERAL JUDGE: Ferguson

MAGISTRATE JUDGE: Vitunac

## MOTION TO CORRECT SENTENCE

COMES NOW the Petitioner, HARRY SHUSTER, "Pro se," and moves this Honorable Court to issue an order to reflect that both his Federal and State sentences are to run concurrently.

### JURISDICTION

THE JURISDICTION of this Honorable Court is invoked pursuant to Federal Rules of Criminal Procedure 35(c) and 45(b).

### STATEMENT OF THE FACTS

On May 11, 1998, the Petitioner received sixty-five(65) months for armed robbery and sixty(60) months for aggravated fleeing. The Circuit Court Judge ordered these sentences to be run concurrently. These State sentences above were imposed by the Seventeenth Judicial Circuit in and for Broward County, Florida.

In August of 1998, the Petitioner was loaned to this Federal

-1-



Court. On June 21, 1999, Federal Judge Ferguson imposed a sentence of one hundred sixty-eight (168) months in Federal Prison, to run consecutively to the Florida State sentence previously imposed by Circuit Court Judge Richard Eade.

On September 13, 1999, Florida Circuit Court Judge Ronald J. Rothschild issued an Amended Sentencing Sheet properly reflecting that the Petitioner's Florida State sentence is to run concurrent with "any pending Federal Court Sentence," said Sentencing Sheet was made "Nunc pro tunc" to May 11, 1998. Said "Sheet" attached.

## RELIEF SOUGHT

AN AMENDED ORDER be issued to reflect that the sentence herein runs concurrently with the Florida State sentence in Case Number: 97-25199 CF 10A -- to resolve the conflict between the State and Federal sentences -- so the Petitioner can be moved (i.e. transferred) to a Federal Correctional Prison to begin serving both of the aforementioned sentences.

## GROUNDS

The Federal sentence as it now stands presents a conflict between Federal and Florida State law. Florida Statute, Section 921.16(2), provides that Florida State judges have the express authority to impose State sentences that run concurrently with or consecutively to Federal sentences.

As shown by the Attached Sentencing Sheet, the State of Florida, on May 11, 1998, sentenced the Petitioner to serve his State sentence concurrently with "any pending Federal Court

-2-

Sentence." The only Federal case pending against the Petitioner on May 11, 1998, was the case at hand.

By imposing a "consecutive sentence upon the Petitioner, the District Court has "preempt[ed] the right of the State to apply its own laws on sentencing for violations of State criminal laws." See: United States v. Eastman, 758 F.2d 1315, 1318(9th Cir. 1Q85); and, United States v. Clapton, 927 F.2d 491, 492-93 (9th Cir. 1991).

The Courts in Eastman and Clapton based their decisions, in part, upon notions of federalism and comity. Comity signifies "a proper respect for State functions." The concept of federalism and comity "represent . . . a system in which these is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavours to do so in ways that will not unduly interfere with the legitimate activities of the States." See: Luther v. Vanyur, 14 F.Supp.2d 773, 777(E.D.N.C. 1997), quoting Younger v. Harris, 401 U.S. 37, 44, 91 S.Ct. 746, 27 L.Ed.2d 669(1971).

Where, as here, the State judge clearly intended the Petitioner's State sentence to run concurrently with his Federal sentence, the District Court, in the interests of resolving the conflict between Florida Case Number: 97-25199 CF 10A and the case at hand, should use its broad discreation, with regards to sentencing, and change the sentence in the instant case to run concurrent with the sentence imposed in the aforementioned

-3-

Florida case.

Conversly, the District Judge could commit the Petitioner to the custody of the United States Attoney General, who, under 18 U.S.C. § 4082, has the discreation to reconcile state-federal sentencing conflicts.  See:  Unites States v. Eastman, 758 F.2d at 1318.

## CONCLUSION

BASED UPON the foregoing facts, argument, and authorities, the Pettioner states that there is a "conflict" between the Federal sentence herein and the Florida State sentence in Case Number:  97-25199 CF 10A.  Said conflict exists because the State sentence runs concurrent with the Federal sentence, but the Federal sentence runs consecutive to the State sentence.

The Petitioner asks that this motion be granted, and he be resentenced to a concurrent Federal sentence.  Or that the Court grant such other relief as it deems appropriate.

Finally, the Petitioner requests an enlargement of the time, under Rule 45(b), to file this motion due to his excusable neglect of not being well versed in the law.

Respectfully submitted,

Harry Shuster
HARRY SHUSTER
725453  MN 4866
DeSoto Correctional Annex
13617 S.E. Highway 70
Arcadia, FL  34266-7800

Petitioner   Pro se

| DIVISION: CRIMINAL FIC | Corrected SENTENCE (AS TO COUNT II ) | CASE NUMBER 97-25199 CF 10A |

## OTHER PROVISIONS

**FIREARM/DESTRUCTIVE DEVICE** ☐ It is further ordered that the _____ year mandatory minimum imprisonment provision of Florida Statute 775.087(2) and (3) is hereby imposed for the sentence specified in this count.

**THREE-TIME VIOLENT FELONY OFFENDER** ☐ The Defendant is adjudicated a three-time violent felony offender and has been sentenced to an extended term in accordance with the provisions of Florida Statute 775.084. The requisite findings by the court are set forth in a separate order or as stated on the record in open court.

**SHORT-BARRELED RIFLE, SHOTGUN, MACHINE GUN** ☐ It is further ordered that the five-year minimum provisions of Florida Statute 790.221(2) are hereby imposed for the sentence specified in this court.

**CONTINUING CRIMINAL ENTERPRISE** ☐ It is further ordered that the 25 year mandatory minimum sentence provisions of Florida Statute 893.20 are hereby imposed for the sentence specified in this count.

**RETENTION OF JURISDICTION** ☐ The court retains jurisdiction over the defendant pursuant to Florida Statutes 947.16(3).

**JAIL CREDIT** ☑ It is further ordered that the defendant shall be allowed a total of __133__ days as credit for time incarcerated prior to imposition of this sentence.

**PRISON CREDIT** ☐ It is further ordered that the defendant be allowed credit for all time previously served on this count in the Department of Corrections prior to resentencing.

**CONSECUTIVE/ CONCURRENT AS TO OTHER COUNTS** ☑ It is further ordered that the sentence imposed by this court shall run _____ consecutive to __✓__ concurrent with (check one) the sentence set forth in count __I__ of this case.

**CONSECUTIVE/ CONCURRENT AS TO OTHER CONVICTIONS** ☑ It is further ordered that the composite term of all sentences imposed for the courts specified in this order shall run _____ consecutive to __✓__ concurrent with (check one) the following:
_____ Any active sentence being served.
__✓__ Specific sentences:

~~any pending~~ Federal Court Sentence

**PSI ORDERED**   YES [ ]   NO [✓]

In the event the above the above sentence is to the Department of Corrections, the Sheriff of Broward County, Florida, is hereby ordered and directed to deliver the Defendant to the Department of Corrections at the facility designated by the Department together with a copy of this Judgment and Sentence and any other documents specified by Florida Statutes.

The Defendant in Open Court was advised of his right to appeal from this Sentence by filing notice of appeal within thirty days from this date with the Clerk of this Court, and the Defendant's right to assistance of counsel in taking said appeal at the expense of the State upon showing of indigence.

In imposing the above sentence, the Court further recommends _____

DONE AND ORDERED in Open Court at Broward County, Florida, this 13th day of September, 1999.
nunc pro tunc to May 11, 1998

JUDGE Ronald J. Rothschild

FORM ICC4

EXHIBIT

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy hereof has been furnished by U.S. Mail to: Department of Lagal Affairs, Office of the Attorney General, The Capital, Tallahassee, Florida 32399-1050 on this _19th_ day of _October_, 2000.

BY: _Harry Shuster_
HARRY SHUSTER
725453  MN 4866
DeSoto Correctional Ammex
13617 S.E. Highway 70
Arcadia, FL  34266-7800

Petitioner   Pro se

## OATH

STATE OF FLORIDA        )
                        SS
COUNTY OF DESOTO        )

Before, the undersigned authority, this day personally appeared ____HARRY____ ____SHUSTER____, who first being duly sworn, says that he is the Petitioner in the above-styled cause, that he has read the forgoing __Motion to Correct Sentence__ and has personal knowledge of the facts and matters therein set forth and alleged and that each and all these facts and matters are true and correct.

/s/ Harry Shuster
HARRY SHUSTER
Petitioner   Pro se

SWORN to and SUBSCRIBED before me this ___19th___ day of __October__ _____2000. Witnessed by the undersigned authority.

Mary A. DeLoach
NOTARY PUBLIC, STATE OF FLORIDA



Mary A. DeLoach
MY COMMISSION # CC726038 EXPIRES
May 23, 2002
BONDED THRU TROY FAIN INSURANCE, INC.

OFFICIAL NOTARY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HARRY SHUSTER,
   PETITIONER,
VS.
UNITED STATES,
   RESPONDENT, /

CASE NO: 98-8008CT
FED. JUDGE: FERGUSON
MAG. JUDGE: VITUNAC

## SUPPLEMENTAL FACT SHEET TO MOTION TO CORRECT SENTENCE

SINCE DEFENDANT/PETITIONER HARRY SHUSTER "PRO SE," FIRST ATTEMPTED TO FILE WITH THIS HONORABLE COURT, ON OCT 19TH, 2000, HIS MOTION TO CORRECT SENTENCE; TWO ADDITIONAL CASES HAVE RECENTLY BEEN RULED FAVORABLY ON THE ISSUES AS RAISED IN PETITIONS ORIGINAL "MOTION TO CORRECT SENTENCE"

## ADDITIONAL CASES/GROUNDS TO SUPPORT RELIEF/REMEDY

TAYLOR VS STATE OF FLORIDA, 3RD D.C.A.
SO 2ND 710  636-638 APRIL 21, 1998. : IN VIOLATION OF PLEA AGREEMENT, DEFENDANT WAS IN FACT TRANSPORTED TO AND SERVED SENTENCE IN STATE PRISON, AFTER THE CONCERNED PARTIES UNDERSTOOD AND AGREED THAT DEFENDANT WOULD SERVE HIS SENTENCE IN A FEDERAL PRISON DUE TO FEDERAL SENTENCE CONCURRENT

AND LONGER THAN THE STATE SENTENCE. THE 3RD D.C.A. HELD THAT: (1) DEFENDANT WAS ENTITLED TO POST CONVICTION RELIEF DUE TO THE PLEA BARGAIN VIOLATION, AND (2) THE APPROPRIATE PROCEDURAL MEANS TO EFFECT AGREEMENT WAS FOR THE TRIAL COURT TO VACATE SENTENCE IMPOSED AND PROVIDE THE SENTENCE BE SUSPENDED FOR EXTRODINARY CIRCUMSTANCES, OR DEFENDANT BE PROVIDED THE OPTION TO ENTER SENTENCE OF TIME SERVED OR WITHDRAWL OF PLEA BARGAIN."

IN GLENN US STATE OF FLORIDA, FLA LAW WEEKLY VOL. 26 NO. 4 JAN 26TH, 2001, OPINION FILED JAN 17TH, 2001, 4TH D.C.A. WEST PALM BEACH. THE SIMILARITIES AGAIN REGARDS TO A STATE / FEDERAL SENTENCE, RUNNING CONCURRENTLY. "THE APPROPRIATE REMEDY FOR THE TRIAL COURT IS TO VACATE THE SENTENCE FORTH WITH, AND PROVIDE INSTEAD EITHER THAT THE SENTENCE BE SUSPENDED UNDER THE RULE THAT THIS IS SO PERMITTED AS AN EXTRODINARY CIRCUMSTANCE. THE APPELLATE'S OPITION IS TO ENTER A SENTENCE OF "TIME SERVED" OR SIMPLY PERMIT HIM TO WITHDRAW HIS ORIGINAL PLEA."

THE PETITONER, HARRY SMUSTER, PRAYS THAT THIS HONORABLE COURT, WILL USE THESE LATEST UNEW RULING ON HIS BEHALF.

COPY FOR JUDGE

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

<u>HARRY SHUSTER</u>
Appellant,

v.  CASE No: <s>98-9008 C.R</s> 8008 CR WDL

<u>UNITED STATES</u>
Appellee.
_____/

## NOTICE OF INQUIRY

COMES NOW the Appellant, <u>Harry Shuster</u>, who is the appellant in the above-styled cause and seeking information regarding the <u>Motion</u> filed on <u>October 19</u>, 200<u>0</u>.

The Appellant would like to be informed by the Clerk of the Court as to whether or not said motion was received by this Court, and if so, what date, and nature of ruling.

*No motion Rec'd see enclosed copy of docket sheet.*

/s/ Harry Shuster

<u>Harry Shuster</u>  DC# <u>735453</u>
DeSoto Correctional Institution
13617 S.E. Highway 70,
Arcadia, Fl. 34266-7800

NON-COMPLIANCE OF S.D. Fa. L.R. 5.1(A).1
COPIES NOT PROVIDED